PRICE, Judge.
Albert Adams, Jr. brought this action to recover damages for his personal injuries, medical expenses, and for the wrongful death of his wife as the result of an automobile collision on January 12, 1968. The defendants in the suit are the administrator of the Estate of Noble Hill, the driver of the car in which the plaintiff and his wife were passengers, and Hill’s public liability automobile insurer, Dairyland County Mutual Insurance Company. Traders & General Insurance Company intervened, seeking subrogation as the workmen’s compensation insurer of the plaintiff’s employer.
The accident occurred on Louisiana Highway 15, which is a two-lane highway, at a point approximately 7.5 miles south of the city limits of Monroe, Louisiana, at 2:40 P.M. A Mercury Comet driven by Patrick Coffey pulled into the left passing lane to pass two southbound vehicles as the defendant, Hill, approached from the opposite direction in the northbound right lane of travel. Coffey failed to return to his proper lane of travel and his vehicle collided almost head-on with the Hill automobile in its lane of travel.
The plaintiff contends that the accident was occasioned by the combined negligence of Coffey and Hill. A settlement was entered into between Adams and the Estate and insurer of the Coffey vehicle, with Adams reserving his rights against the present defendants. Plaintiff’s accusation of negligence on the part of Hill is based on the theory that Hill had sufficient time to take more effective evasive action by maneuvering his vehicle onto the wide shoulder to the right, thus avoiding the collision.
The trial judge rendered judgment in favor of the defendant, dismissing the demands of the plaintiff at his cost. From this adverse judgment the plaintiff appeals.
The only issue projected by this appeal is the correctness of the conclusion of the trial judge that the defendant was not guilty of any negligence which caused this accident. The record reveals that at the site of the accident Highway 15 consists of two asphalt lanes of travel approximately 24 feet in width. The highway was described as being straight and level for a considerable distance at the accident scene. The shoulders were approximately 7 to 8 feet in width, composed primarily of dirt and grass with some light gravel about 2 to 3 feet from the edge of the pavement. It had rained heavily that day but was not raining at the time of the accident. The *764 shoulders were muddy due to the rain. The photographs illustrate that the area immediately adjacent to the shoulders had been flooded and appeared to be a lake.
The weight of the evidence tends to show the following sequence of events culminating in this accident. The Coffey vehicle was traveling in a northerly direction when it pulled into the left passing lane and passed a vehicle driven by James Lindsey, who testified that there was another vehicle approximately 150 yards in front of him. The collision occurred, according to his testimony, without the Coffey vehicle making any attempt to return to its proper lane of travel.
The plaintiff, Adams, admitting his inability to estimate speed and distances, testified that Hill noticed the Coffey vehicle in the wrong lane of travel at the minimum of 200 to 300 yards from the vehicle in which he was riding. He testified that Hill was driving well within the posted speed limit. According to his testimony, Hill maneuvered 1/3 to Yz of his vehicle on the right shoulder 75 yards prior to the impact.
Mr. Lee Warner, driver of the second vehicle which Coffey was attempting to pass, testified that the impact occurred in Hill’s lane of travel as the Coffey vehicle was slightly past his truck. The rule of law which has been repeatedly applied by the courts of this state in this type of situation is set forth in Blashfield’s Cyclopedia of Automobile Law and Practice, Vol. 2, Permanent Edition, Section 919, as follows :
“A motorist has a right to assume that the driver of a vehicle coming from the opposite direction will obey the law, and to act upon such assumption in determining his own manner of using the road. A driver, therefore, proceeding on the right side of the traveled way, may assume that the driver of a vehicle approaching on the same side, or on his left-hand side, will do all that a reasonably prudent person, under all the circumstances, would do to avoid a collision, which ordinarily would be to yield half the way, or to turn out in time to avoid a collision, and that such driver will not force him, in violation of the statute or ordinance, or the law of the road, to turn from the part of the road on which he is lawfully driving.
“Likewise, a motorist on the right side of the road and traveling in a lawful manner can "assume that one approaching in the opposite direction will control his car in obedience to the law of the road and will not suddenly turn across his path.
“These assumptions may not be indulged in, however, after he sees ór ought to see, from the situation of the cars or highway or the conduct of the approaching driver, that they are unwarranted. In other words, the duty of an automobile driver, who is on the right side of the street, to stop or take other precautions to avoid a collision with an approaching vehicle, only arises when by due care he discovers that another on the wrong side of the street cannot or will not himself turn to the right to clear his way.”
In the case of Martin v. Firemen’s Insurance Company of Newark, New Jersey, 241 La. 1047, 132 So.2d 892 (1961) on facts very similar to this case, the Supreme Court held there was no negligence on the part of the driver of an automobile who failed to pull off the highway on seeing the automobile in his lane 1,000 feet ahead in the process of passing another vehicle where the shoulders of the road were narrow and sloping to a ditch. The court cited with approval the above quoted section of Blashfield’s in absolving the accused driver of negligence.
Applying the foregoing principles to the instant case, this court is of the opinion that Hill, on noting the Coffey vehicle in the wrong lane of travel, had the right to assume that his vehicle would return to its proper lane of travel in obedience to the *765 rules of the road. The only duty imposed on Hill after being confronted with such a situation was to take reasonable evasive action upon discovering that the Coffey vehicle was not going to return to its proper lane. The trial judge found that Hill could reasonably have assumed that the Coffey vehicle would return to its proper lane behind the Warner vehicle, and it was not until Coffey was abreast of this Warner vehicle that Hill discovered the perilous situation. He further found that Hill acted as a reasonably prudent driver by man-uevering his vehicle 1/3 to on the right shoulder of the road. It would not have been reasonable to require Hill to have suddenly swung his vehicle entirely on the shoulder in view of the potentially hazardous conditions existing at this time. We do not find any error in the finding of the trial judge that Hill was not guilty of any negligence which was a cause of this accident.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.